### WILLIAM H. LIBBY *vs.* DANIEL C. ROBINSON.

### Kennebec.    Opinion February 24, 1887.

*Partnership.    Settlement.    Money had and received.    Actions.    Statute of limitations.*

The plaintiff, a deputy sheriff, had an account against a firm which consisted of the defendant and another. When sued, the account was barred by the act of limitations. At some date before the bar could operate against the account, the partners settled their partnership matters, and on defendant's representation to his partner that he had paid plaintiff's claim, when he had not, he was allowed the amount of it in such settlement.

*Held :* That the plaintiff cannot maintain an action for money had and received upon the ground that the settlement placed money in the defendant's hands for plaintiff's benefit, or that it had the legal effect to do so, or was equivalent to doing so.

ON exceptions from superior court.

The opinion states the question presented by the exceptions.

*H. M. Heath,* for plaintiff.

If one of the partners is constituted agent for the firm, and power is delegated to him to wind up the partnership business, such power ceases when the business of the firm is closed up. Story on Partnership, pp. 512 to 570.

After the final settlement, the partnership was absolutely concluded, except that it remained liable for the mistakes and wrongs committed by their agent in settling up the company business, and in case of such mistake or wrong, an action would lie against the agent when the agent was a partner of the firm whose business he was settling up, or against the firm at the election of the injured party. *Averill* v. *Lyman,* 18 Pick. 346.

Every person is a trustee who receives money to be paid to

another, or to be applied to a particular purpose to which he does not apply it. *Finney* v. *Cochran,* 1 Watts and Sergent, 112.

It makes no difference that the defendant received this sum of money as money already paid to plaintiff, when in fact it was not paid, or that he did not receive it as money to be paid, to plaintiff; neither was it necessary for defendant to promise the firm to pay over such money to plaintiff, the law will presume that he promised to pay over such sum of money to the party to whom it actually belongs. *Wiseman* v. *Lyman,* 7 Mass. 286; *Calais* v. *Whidden,* 64 Maine, 249; *Mason* v. *Waite,* 17 Mass. 558; 4 Wait's Actions and Defences, 469.

If then, at the commencement of this action, the defendant had in his possession money which *ex equo et bono* he ought not to have retained from the plaintiff, plaintiff is entitled to recover. This must depend upon the facts appearing in the evidence produced at the trial and referred to by the presiding justice in his decision. *Hall* v. *Marston,* 17 Mass, 574, and cases; *Williams* v. *Everrett,* 3 Price's Re. 58; 4 Wait's Actions and Defences, 469; Chitty on Contracts, 673, with note *f*; 2 Greenl. Ev. 117.

When the fact is proved that the defendant has the money of the plaintiff, if he cannot show that he has a legal and equitable ground for retaining it, the law creates the privity and the promise, although the party so holding or receiving such money has never seen or heard of the party to whom it belongs. *Mason* v. *Waite,* 17 Mass. 560; *Williams* v. *Everrett,* 3 Price's Re. 58; *Hall* v. *Marston,* 17 Mass. 574; *Lewis* v. *Sawyer,* 44 Maine, 332; *Keene* v. *Sage,* 75 Maine, 138; *Calais* v. *Whidden,* 64 Maine, 249; *Shepherd* v. *McEvers,* 8 Am. Dec. 561; *Cumberland* v. *Codrington,* 3 Johns. Ch. 261.

*D. C. Robinson,* for defendant, cited: Parson's Part. * 398; *Mellen* v. *Whipple,* 1 Gray, 320.

PETERS, C. J. The defendant and another, law partners, were indebted to the plaintiff, a deputy sheriff, for official services performed by him for their firm. The bill became barred by

the statute of limitations. The bar is attempted to be avoided by the plaintiff upon the following finding of facts : At some time during six years prior to the date of the writ in this case, the defendant and his partner had a settlement of their partnership accounts, when the defendant represented to his partner that he had paid the plaintiff's bill, and they made a settlement on the basis of such payment. The ruling of the judge was that that act was equivalent to placing in the defendant's hands at that time an amount of money for the plaintiff, which he can recover in this action of money had and received. We are unable to concur in the ruling. It would be pushing the principle of implied promise too far to give it such application. The cases cited fall short of supporting the conclusion contended for. They are instances where money was paid by one person to another to be paid over to a third party. In the present case there was no assertion by the defendant that he would in the future pay the plaintiff, nor was any money placed in his hands for such purpose. He did not assume a new debt — he asserted that he had paid an old one, when he had not. He merely paid less to, or received more from, his partner, by reason of the misrepresentation, and he is still liable to his partner on account of it. He cannot be liable to pay the reserved sum to his partner and to the plaintiff also. Nor would the firm be released from the plaintiff's claim, were the limitation question eliminated from the facts.

The case against the defendant cannot be stronger than it would have been had he given to his partner a bond of indemnity against the plaintiff's claim ; and that would establish no new liability to the plaintiff. We think that the settlement created no new contract or privity of contract between the parties.

*Exceptions sustained.*

DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.

LIBBEY, J., did not sit.